The opinion of the Court was delivered by

Mr. Justice Mott.

There is no doubt hut tliat the defendant laid himself liable to an .action, by his misplaced confidence in Kendrick, whose property he had taken in execution. But he was only liable to them who were injured by his neglect. Indeed, it cart scarcely be called neglect; it is rather a legal responsibility, which he has incurred by the misconduct of an agent, who had betrajmd his confidence. There can be no question, hut that when a sheriff takes property in execution, he may place it in the hands of an agent to keep, subject to his order. And if he thinks proper, he may employ the party himself for that purpose. It affords him an opportunity of indulging toward an unfortunate debtor tlie benevolent feelings of which those clothed with a little authority, are too often unmindful. It saves to the debto. the expense which he might otherwise incur. It allows him the enjoyment of the property, until the time shall .arrive, when perhaps he will have none to enjoy; and it may eyen afford him the means of paying the debt, without such *74 a sacrifice. The sheriff is, however, responsible for the conduct of his agent; but he is not answerable .to every man in the community, it is only those who have been injured to whom lie is amenable. The plaintiff lias been no sufferer, and therefore can maintain no action.
The motion is refused.
Colcock, Richardson, Johnson, Gantt — Justices concurred.